IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA MCDONALD, | ) | |
| | ) | Case No. 1:22-CV-02143 |
| Plaintiff, | ) | |
| | ) | Hon. Lindsay C. Jenkins |
| v. | ) | |
| | ) | |
| KAREN YARBROUGH, in her official and individual capacities, LAUREN RAYMOND, in her official and individual capacities, COOK COUNTY CLERK'S OFFICE, and COOK COUNTY as indemnitor, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, by and through their undersigned attorney, and in further support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), submit the following Memorandum of Law:

**INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC") does little, if anything, to fix the deficiencies in her Complaint identified by the Court in its March 31, 2023 Memorandum Opinion and Order. (Dkt. No. 21, "Mem. Op."). They still remain. The Section 1983 claim should be dismissed as on the face of the FAC as Plaintiff has not pled a claim, and in fact has pled herself out of court because she alleges she was only acting pursuant to her job duties and the FAC does not remedy this. Regarding the discrimination and retaliation claims based on age, Plaintiff has not sufficiently pled allegations sufficient to survive a motion to dismiss. Consequently, as her federal claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over her state law claims and the indemnification claim should be dismissed as well. And even if

1

the Court decides to exercise supplemental jurisdiction over the state law claims, there are valid, independent grounds to dismiss them as well. Thus, the First Amended Complaint should be dismissed in its entirety, with prejudice.

## BACKGROUND

Plaintiff alleges that Defendants discriminated and retaliated against her based on her age and for bringing the supposed payroll issues to Raymond's attention. (Dkt. No. 25, FAC ¶¶ 89, 90). Plaintiff was ultimately terminated on December 15, 2020 for failure to comply with the disciplinary order issued to her on December 3, 2020. (*Id*. ¶ 110). Plaintiff claims further that her termination was retaliation in violation of her First Amendment rights after she reported what she believed to be improper actions by her supervisor and the management of payroll. (*Id.* ¶ 141).

Defendant moved to dismiss Plaintiff's original Complaint pursuant to Rule 12(b)(6) on July 18, 2022 (Dkt. No. 9), and the Court granted in part, and denied in part, Defendant's Motion on March 31, 2023, granting Plaintiff leave to file an amended complaint. (Dkt. No. 21). Plaintiff subsequently filed her First Amended Complaint on May 7, 2023. (Dkt. No. 25). The FAC contains the following claims: (1) **Count I** First Amended Retaliation under 42 U.S.C. § 1983 (Cook County Clerk's Office); (2) **Count II** Title VII Violation, 42 U.S.C. § 2000e(3)(a) based on Age (Cook County Clerk's Office); (3) **Count III** Title VII Violation, 42 U.S.C. § 2000e(3)(a) – Retaliation (Cook County Clerk's Office); (4) **Count IV** IHRA Civil Rights Violation (Age and Retaliation) (Cook County Clerk's Office); (5) **Count V** Violation of the Whistleblower Act (740 ILCS § 740 ILCS 174/1) (all Defendants); and (6) **Count VI** Indemnification (Cook County). (*Id.*).

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637

(7th Cir. 2012). In considering a motion to dismiss, a Court should first begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 679.

## ARGUMENT

I. **PLAINTIFF'S SECTION 1983 FIRST AMENDMENT RETALIATION CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

Despite the Court's extensive analysis of the (in)sufficiency of Count I of Plaintiff's original Complaint, Plaintiff does very little to remedy any deficiencies in the FAC. Even with being told pointblank by the Court of the deficiencies found in the original Complaint—"[t]he Court would be remiss, however, if it did not note that McDonald's allegations could improve with additional detail"—Plaintiff has failed to include any additional relevant allegations sufficient to state a claim upon which relief can be granted, and Count I should be dismissed. (Mem. Op. p. 17).

A. **Plaintiff Did Not Engage in Protected Speech as a Citizen**

Plaintiff attempts, futilely, to fix the problems in her original Complaint regarding her complaints on the payroll irregularities by removing any allegations under Count I that she engaged in protected speech when she complained internally and to the Comptroller. (FAC, Count I, ¶¶ 137-145). The fact remains, and the FAC contains no allegations to refute this, that Plaintiff was speaking as a governmental employee when she supposedly complained about payroll irregularities. Making out a claim for First Amendment retaliation requires alleging (1) protected

activity, (2) a deprivation that would likely deter First Amendment activity in the future and (3) that the First Amendment activity was a motivating factor in the defendants' decision to take the retaliatory action. *Novoselsky v. Brown*, 822 F.3d 342, 354 (7th Cir. 2016). An essential element of a First Amendment retaliation claim is that plaintiff engaged in protected speech. *Hatcher v. Board of Trustees of Southern Illinois University*, 829 F.3d 531, 537–38 (7th Cir. 2016). For a government employee, this requires establishing that the plaintiff spoke as a citizen rather than as a public employee. *Id.* "When a public employee speaks on matters pursuant to employment duties, that speech is not protected under the First Amendment." *Id.*

Plaintiff continues to rely on *Spiegla v. Hull*, 371 F.3d 928, 936 (7th Cir. 2004) (*Spiegla I*) for the proposition that a public employee speaking on "government corruption and malfeasance is of public concern in its substance." (FAC ¶ 141). However, *Spiegla I* was subsequently specifically disapproved of by the Seventh Circuit in *Spiegla v. Hull*, 481 F.3d 961 (7th Cir. 2007) (*Spiegla II*) (reversing its previous finding that plaintiff engaged in protected speech due to the holding by the U.S. Supreme Court in *Garcetti*, requiring a court to first inquire into whether the employee was speaking as a citizen and not in her role as a public employee, before examining the actual speech). "*Garcetti* made clear that public employees speaking "pursuant to their official duties" are speaking as employees, not citizens, and thus are not protected by the First Amendment regardless of the content of their speech." *Spiegla II,* 481 F.3d at 965 (citing *Garcetti v. Ceballos*, 547 U.S. 410 (2006)).

Plaintiff makes no allegations that she was speaking as a "citizen" when she allegedly made a complaint to the OIG. Instead, she just says that she complained to the OIG about payroll irregularities. (FAC ¶¶ 140, 141). And while she may have communicated with the Cook County Comptroller's office, it was merely in response to their inquiries, such communication was part of

her job duties, and the response to the Comptroller's Office's inquiries was in no way a "complaint." (FAC ¶¶ 48, 72, 73).

Plaintiff has not pled the additional "factual detail to her First Amendment retaliation claim regarding report of suspected misconduct to the OIG" that the Court required. (Mem. Op. p. 17). Indeed, all Plaintiff does is remove reference to her internal complaints and those to the Comptroller from the allegations under Count I. (FAC, ¶¶ 137-145). In fact, there is no mention whatsoever of the OIG at all in the FAC until the actual Count I, where all allegations are barebones legal conclusions. (*Id.*). There is nothing additional added to the FAC, as the Court required, regarding the report of suspected misconduct to the OIG. As such, her claim fails. And while the Court stated that other courts in this district have found OIG reports to be protected speech, the fact remains that the allegations regarding any complaints to the OIG in the First Amended Complaint remain "sparse" and are not sufficient to allege such speech was protected. (Mem. Op. p. 15); *see Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient under federal plead standards).

Moreover, although the Court found in its Opinion that complaints to the OIG can be considered public speech as a citizen, they can also be considered part of the employee's duties, and not protected speech, if the employee has "significant and comprehensive responsibility for policy formation and implementation [and therefore] certainly has greater responsibility to speak to a wider audience on behalf of the governmental unit." *Cage v. Harper*, 2021 WL 3022316, at *19 (citing *Tomayo v. Blagojevich*, 526 F.3d 1074, 1079 (7th Cir. 2008) (interim administrator of the Illinois Gaming Board was not participating in protected speech when she testified to the house Gaming Committee regarding malfeasance under her specific purview)). Plaintiff was filing a

complaint about supposed payroll irregularities at her place of employment (payroll being a specific part of her job duties). That is not protected speech of a public citizen. *Cf. Logan v. City of Chicago*, 2018 WL 5279304 at *1, 3 (N.D. Ill. Oct. 24, 2018) (finding complaints to the OIG protected speech where the complaint alleged specific complaints to the OIG and that plaintiff requested an OIG officer attend a meeting with HR to discuss the complaint). Compare that to Plaintiff's allegations here where she merely, and without further support, says she reported payroll irregularities to the OIG. (FAC ¶¶ 140, 141).

It should also be noted that the Court granted Plaintiff leave to replead Count I to include any complaints she made to the Illinois State Comptroller regarding misconduct apart from the October 2020 emails (that the Court found were not speech by a public citizen). (Mem. Op. p. 17). Plaintiff has failed to do so. (FAC ¶ 73) (stating only that Plaintiff "emailed the Comptroller's Office with documentation that at least $17,620.00 was overpaid to six employees before she took over the payroll."). This is the exact same allegation from the original Complaint that the Court found demonstrated Plaintiff did not speak as a private citizen. (Mem. Op. p. 12). The FAC does not add allegations that this email was outside of her job duties, as the Court pointed out in the original Complaint, and relied on, in its determination that she was not speaking as a private citizen regarding the payroll issues. (*Id.*). As Plaintiff completely ignored the Court's direction to allege in her amended complaint that she made separate complaints to the Comptroller, these exact same allegations cannot be considered protected speech.

Thus, any comments or speech made by Plaintiff regarding the payroll issues at the Clerk's Office were all made pursuant to her official responsibilities, as she herself alleges, and thus are not protected under the First Amendment. *See Spiegla II*, 481 F.3d at 966 ("Because Spiegla reported the possible security breach to Schrader as part of her official responsibility as a

6

correctional officer to keep the prison secure, her speech was not "citizen" speech protected by the First Amendment.") (citing *Garcetti*, 547 U.S. at 423). Consequently, Plaintiff's claim of First Amendment retaliation should be dismissed, with prejudice. *See Clarke v. DPWN Holdings (USA), Inc.,* No. 20 C 05130, 2022 WL 2905734, at *3 (N.D. Ill. July 22, 2022) (dismissing the amended complaint with prejudice where plaintiff "has already been afforded one opportunity to amend its complaint, and the court discerns no basis on which the [plaintiff] could correct the deficiencies.").

### B. Plaintiff's Claim of Retaliation based on Age is Inappropriate under § 1983

Plaintiff's FAC also does nothing to address the Court's holding that the original Complaint "as pled fail[s] to bear out a § 1983 claim." (Mem. Op. p. 19). Instead, it appears that Plaintiff merely added under her ADEA retaliation claim (Count III), suddenly, that she complained to the OIG about payroll discrepancies. (FAC ¶ 161). Defendant is at a loss as to how this new, unsupported, and oddly shoe-horned allegation now supports a claim under § 1983. "A § 1983 plaintiff may also sue a governmental organization, but only if he can demonstrate that the alleged constitutional violation was "caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." *Levin v. Madigan,* 692 F.3d 607, 621 (7th Cir. 2012) (internal citations omitted). Here, Plaintiff again ignored the Court's clear directive—Plaintiff "is reminded, however, that *any* First Amendment retaliation claim under § 1983 against a municipality requires her to sufficiently plead the constitutional violation, including what or who caused the constitutional violation"—and has not added sufficient allegations to state such a claim. (Mem. Op. pp. 19-20) (emphasis in original). Instead, Plaintiff appears to rest on the exact same allegations from the original Complaint, allegations that the Court found failed to state a § 1983 claim. As such, to the extent Count I can be read to also include a claim under § 1983, this claim should be dismissed.

7

## II. PLAINTIFF'S ADEA CLAIMS ARE INSUFFICIENT TO SURVIVE A MOTION TO DISMISS

### A. Plaintiff has not Sufficiently Pled a Claim of ADEA Discrimination

Plaintiff's allegations of age discrimination are merely threadbare recitals of the elements of such a claim. (FAC ¶¶ 92-95). A person can make a *prima facie* case of age discrimination by demonstrating that (1) she is protected under the ADEA; (2) she performed her job to her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) one or more similarly situated individuals outside her protected class received better treatment. *Brooks v. Avancez*, 39 F.4th 424, 434 (7th Cir. 2022). While "detailed factual allegations" are not required to survive a motion to dismiss, simply pleading that a defendant belongs to a particular protected group and suffered ill-treatment is not enough. *Abubakar v. Walmart, Inc.,* No. 21-CV-06248, 2022 WL 14632902, at *4 (N.D. Ill. Oct. 25, 2022) (citing *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)). Some causal relationship between the two claims, beyond "mere labels and conclusions," must be shown. *Id.* (internal quotations omitted). This relationship can be shown or inferred in a variety of ways, but without it, a discrimination claim cannot survive a motion to dismiss. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) ("a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics.").

Here, Plaintiff's allegations regarding age discrimination involve supposedly "ageist remarks": that her immediate supervisor made a few offhand statements that she has not had a good working relationship with subordinates older than her. (FAC ¶ 27). This does state a claim of age discrimination. *See Etheridge v. Hudson Grp. Retail, LLC*, No. 20-CV-7204, 2022 WL 375556, at *10 (N.D. Ill. Feb. 8, 2022) ("Etheridge's one additional statement that his employer made discriminatory comments about his age is not enough to move the needle to plausibility. A

8

vague, conclusory statement fails to satisfy Rule 8's requirement to give a defendant adequate notice of the allegations against it.") (citing *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)). Under the ADEA, a plaintiff must plead that there is some causal connection between her age and the adverse employment action taken against them. *Ross v. Univ. of Chicago*, No. 18-CV-4200, 2018 WL 6448464, at *8 (N.D. Ill. Dec. 10, 2018) (internal citations omitted). Plaintiff has failed to allege that there was any causal connection between her age and anything that could be considered an adverse employment action. In fact, Plaintiff merely states that "Defendants discriminated against Plaintiff's [*sic*] age and retaliated against her for engaging in the aforementioned protected conduct" and lists several supposed adverse employment actions. (FAC ¶ 111). As the Supreme Court in *Iqbal* stated, "labels and conclusions" or a "formulaic recitation of the elements of a cause of action are insufficient." *Iqbal*, 556 U.S. at 662. Yet here, Plaintiff offers just that, "a mere formulaic recitation of the elements of an ADEA violation, without drawing a causal connection between [Plaintiff]'s age and an adverse employment action." *Ross*, 2018 WL 6448464, at *8 (finding that besides one conclusory sentence plaintiff offered no reason to believe his termination had anything to do with age).

    B.      **Plaintiff has not Sufficiently Pled a Claim of ADEA Retaliation**

To successfully allege a retaliation claim, Plaintiff must have engaged in statutorily protected activity, *e.g.*, "opposing or complaining about discrimination by the employer based on race, color, religion, gender, national origin, age, or disability." *See Small v. WW Lodging, Inc.*, 106 Fed. Appx. 505, 508 (7th Cir. 2004). Under her section titled "Complaints to Defendant about Discrimination/Harassment and Retaliation by Defendant" Plaintiff only alleges that she faced retaliation after she complained that Raymond "was creating a hostile work environment." (FAC ¶ 92). This is insufficient to plead protected activity. *See Porod v. Town of Cicero*, No. 18 C 1591,

2019 WL 587410, at *4 (N.D. Ill. Feb. 13, 2019) (dismissing plaintiffs' retaliation claims where they did not plead they engaged in protected activity). Plaintiff further alleges under Count II (not her retaliation claim) that she "escalated her complaints of Raymond's ageist behavior to various supervisors…." (FAC ¶ 152). There are no specifics pled as what the complaint(s) were about; it is merely the same vague conclusory statement that Raymond engaged in "ageist behavior." (*Id.*); *see Ferguson v. Smart Warehousing*, No. 20-CV-1587-BHL, 2021 WL 4061648, at *4 (E.D. Wis. Sept. 7, 2021) (without specifics as to the when, how, and what of the alleged complaint, the "Court therefore cannot draw a reasonable inference that Ferguson engaged in protected activity, and that the protected activity caused his termination. Ferguson's retaliation claims will be dismissed.").

Further, as discussed above, Plaintiff's only allegation regarding Raymond's supposed age discrimination was one comment that she not had a good working relationship with subordinates older than her. (FAC ¶ 27). The failure to plead any facts that would connect any alleged "complaints" she made with her termination does not create a plausible inference of a causal connection. *See EEOC v. Concentra Health*, 496 F.3d 773, 781 (7th Cir. 2007) (holding that a plaintiff alleging retaliation under Title VII "must provide some specific description" of the protected activity); *Diggs v. Lowe's Home Centers, LLC*, No. 21 C 4544, 2022 WL 3543496, at *2 (N.D. Ill. Aug. 18, 2022) (dismissing *pro se* plaintiff's retaliation claims where he did not identify what specific statutorily protected activity gave rise to a retaliatory adverse action). As the Seventh Circuit said in *Concentra Health*, to "to require a more detailed complaint in the present case is neither to adopt fact pleading nor to impose the heightened pleading required in some instances by Rule 9(b); it is only to insist upon easily provided, clearly important facts." *Id.* at 782 ("The proper analogue for the present complaint is not a complaint alleging racial discrimination in hiring; it is a complaint in which the plaintiff withholds the basis upon which she suspects her employer acted:

10

'I was turned down for a job for a reason forbidden by Title VII.' To permit the EEOC's complaint would reward obfuscation, a perverse result."). Plaintiff's FAC is very much like the EEOC's in *Concentra Health*, where it failed to provide additional details of the employee's complaint other than that it was "protected." *Id.* at 780-81. And therefore Plaintiff's retaliation claim should be dismissed.

### III. THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER COUNTS IV AND V

Counts IV and V of the Complaint are brought under Illinois state law, the Illinois Human Rights Act (age and retaliation) and the Illinois Whistleblower Act, respectively. (FAC. pp. 24-26.) In light of the arguments above and the fact that Plaintiffs' federal claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over these two state law claims. Courts may decline to exercise supplemental jurisdiction over state law claims when, *inter alia*, "the district court has dismissed all claims over which it was original jurisdiction." 28 U.S.C. § 1367(c). Normally, when "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) Indeed, the Seventh Circuit has stated that in such circumstances where the claims over which the court has original jurisdiction have been dismissed, "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). Consequently, should the Court agree with Defendants that the federal claims (Counts I, II, and III) should be dismissed, it should decline to exercise supplemental jurisdiction over the two state law claims, and those should be dismissed as well. *See Krupa v. Quinn*, 596 F.Supp.3d 1127, 1142 (N.D. Ill. 2022).

## IV. PLAINTIFF'S IHRA CLAIMS FAIL

Even if the Court exercises supplemental jurisdiction over the IHRA claims, the FAC still fails to state a claim as the analysis for Plaintiff's age discrimination and retalation under the IHRA is the same as that of the ADEA. *Benton v. Ortho Clinical Diagnostics, Inc.*, No. 21 C 3922, 2023 WL 1100440, at *4 (N.D. Ill. Jan. 30, 2023) ("Courts apply to age-based IHRA claims the same analytical framework used in federal Age Discrimination in Employment (ADEA) claims.") (citing *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016)). "Like the Age Discrimination in Employment Act ("ADEA"), the IHRA bars employers from acting 'with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination.'" *Hirsch v. Cognizant Tech. Sols. U.S. Corp.,* No. 21 C 161, 2023 WL 3320285, at *5 (N.D. Ill. May 9, 2023) (quoting 775 ILCS 5/2-102(A); *see also De v. City of Chicago*, 912 F. Supp. 2d 709, 733 (N.D. Ill. 2012) (noting that courts "evaluating claims of discrimination" brought under the IHRA "apply the same" methods used "by federal courts in evaluating causes of action brought pursuant to" the ADEA). Since Plaintiff's ADEA claims must be dismissed, therefore so should her IHRA claims which follow a similar analysis.

## V. PLAINTIFF'S IWA CLAIM FAILS

Again, should the Court exercise supplemental jurisdiction over the state law claims, a quick reading of Plaintiff's Illinois Whistleblower Act ("IWA") claim shows that it is insufficiently pled. (FAC ¶¶ 164-172). The IWA prohibits an employer from retaliating against an employee for disclosing information to a government or law enforcement agency where the employee has reasonable cause to believe the information discloses a violation of law. 740 ILCS 174/10. To state a claim, Plaintiff must show that she had reasonable cause to believe that she reported a violation

12

of a State or federal law, rule, or regulation, and that she was terminated because she made that report. *Spratt v. Bellwood Pub. Libr.*, 380 F. Supp. 3d 783, 789 (N.D. Ill. 2019) (citing &40 ILCS § 174/15(a)–(b)).

### A. No Individual Liability

Plaintiff lodges her IWA claim against both Defendants Yarborough and Raymond in their official and individual capacities. (FAC, p. 25). But the IWA only provides for claims by an "employee" against an "employer," not claims against the employer's agents. *Patton v. Rhee*, No. 20-CV-00076, 2022 WL 865835, at *4–5 (N.D. Ill. Mar. 23, 2022). Although ostensibly extending liability to "any person acting within the scope of his or her authority," courts have held that the IWA does not impose liability on individual employees. *See, e.g.*, *Cunliffe v. Wright*, 51 F. Supp. 3d. 721, 740 (N.D. Ill. 2014); *Parker v. Ill. Human Rights Comm'n*, No. 12 C 8275, 2013 WL 5799125, at *9 (N.D. Ill. Oct. 25, 2013); *Martorana v. Vill. of Elmwood Park*, No. 12-cv-6051, 2013 WL 1686869, at *4 (N.D. Ill. Apr. 18, 2013). As a matter of law, Plaintiff thus cannot state a claim against the individual defendants under the IWA. Accordingly, Plaintiff's IWA claims against the individual defendants should be dismissed. *Patton*, 2022 WL 865835, at *5 (dismissing plaintiffs' IWA claims against the individual defendants). As Plaintiff already named her "employer" for purposes of her IWA claim, the individual defendants cannot be held liable and should be dismissed with prejudice from this action because this is the only count against them in the First Amended Complaint.

### B. No Liability Against the Clerk's Office

To state a claim for relief under the IWA, Plaintiff must allege "(1) an adverse employment action by ... her employer, (2) which was in retaliation (3) for [her] disclosure to a government or law enforcement agency (4) of a suspected violation of an Illinois or federal law, rule, or

13

regulation." *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 15. Regarding the third required element—a disclosure—Plaintiff did not "disclose" anything within the meaning of Section 15(b) of the IWA. The disclosure here was made to the same entity—the Clerk's Office— that Plaintiff claims was the one violating state or local law, rules, or regulations. (FAC ¶¶ 174) ("Plaintiff complained to various employees employed by Defendant Cook County Clerk's Office including the legal department and comptroller's department about the ongoing payroll problems and Raymond's unlawful harassment."). *Sweeney* clearly held that disclosure to the wrongdoer— even if the wrongdoer is the plaintiff's employer—does not fall within the meaning of disclosure under section 15(b) of the IWA. *See Malec v. City of Joliet*, No. 22 C 5312, 2023 WL 3200098, at *8 (N.D. Ill. May 2, 2023) (dismissing plaintiff's IWA claim where the allegations were solely regarding reports made to her own employer).

Moreover, to the extent it is determined that Plaintiff actually made a report of supposed malfeasance to the OIG, her allegations do not sufficiently plead that she believed or had reasonable cause to believe that the information she provided to the OIG "disclose[d] a violation of a State or federal law, rule, or regulation." *See* 740 Ill. Comp. Stat. 174/15(b). Plaintiff's only allegation regarding the OIG under Count V is that "Plaintiff's termination was done in retaliation for her protected disclosures to the OIG." (FAC ¶ 180). Setting aside that this is a bare legal conclusion and is not sufficient to state a claim here, Plaintiff's claim still fails. More is needed to show that her IWA retaliation claim is plausible. *See Williams v. City of Chicago*, No. 22-CV-1084, 2022 WL 3716214, at *9 (N.D. Ill. Aug. 29, 2022) ("Specifically, Williams must allege the law, rule, or regulation that she believed was violated because without this information, we cannot determine whether her other allegations plausibly suggest that this belief was reasonable."). There is nothing alleged in the FAC to demonstrate Plaintiff reported a violation of laws, rules, or

14

regulations promulgated by either the federal or the state government. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (A plaintiff "must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate."). Plaintiff's only allegations regarding complaining to the OIG are that she reported "payroll irregularities." (FAC ¶¶ 140, 141, 161). More is needed to show that her IWA retaliation claim is plausible. *Williams*, 2022 WL 3716214, at *9 (N.D. Ill. Aug. 29, 2022). Plaintiff's IWA claim should therefore be dismissed.

### VI. COUNT VI AGAINST COOK COUNTY FOR INDEMNIFICATION SHOULD BE DISMISSED

Because all the underlying claims should be dismissed, the indemnification claim against Cook County should be dismissed as well. *Jones v. City of Chicago*, 2017 WL 6733677, at *4 (N.D. Ill. Dec. 18, 2017) (dismissing the indemnification claims against Cook County "[b]ecause no claims remain against the ASAs, the Court dismisses the indemnification claim against the County.").

**WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint in its entirety, and for any other relief deemed just and appropriate.

Dated: May 30, 2023

Respectfully Submitted,

KAREN YARBROUGH, LAUREN RAYMOND, COOK COUNTY CLERK'S OFFICE, and COOK COUNTY

By: /s/ John R. Hayes
John R. Hayes (ARDC#6286365)
AMUNDSEN DAVIS, LLC
150 N. Michigan Ave., Suite 3300
Chicago, Illinois 60601
(312) 455-3071 – Telephone
(312) 997-1710 – Facsimile
jhayes@amundsendavislaw.com

15

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 30, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                                                        /s/ John R. Hayes
                                            **ATTORNEY FOR DEFENDANTS**
                                            **KAREN YARBROUGH, LAUREN**
                                            **RAYMOND, and COOK COUNTY**