**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Yolanda McDonald,<br><br> *Plaintiff*,<br><br>v.<br><br>Karen A. Yarborough, *Clerk of the Circuit Court in an individual capacity, et. al,*<br><br> *Defendants.* | No. 22 CV 2143<br><br>Judge Lindsay C. Jenkins |

### Order

Plaintiff Yolanda McDonald has filed a First Amended Complaint (FAC) following the Court's Order granting in part and denying in part Defendants' motion to dismiss the original Complaint. [Dkt. 21, 25.] Defendants again seek dismissal of the FAC, which the Court grants in part and denies in part. [Dkt. 29.]

*Legal Standard*

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, 'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court "accept[s] all well-pleaded facts as true and draw all reasonable inferences in plaintiff's favor." *Id.* at 600 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

*Count I: First Amendment Retaliation*

As previously discussed, McDonald's First Amendment retaliation claim alleges that she engaged in protected activity when she complained of certain "payroll irregularities." [Dkt. 21 at 7.] The Court dismissed this claim to the extent that it was based on McDonald's correspondence with the Clerk's Office legal department and with the Illinois State Comptroller. [*Id.* at 17.] The motion to dismiss was denied as it related to McDonald's complaints to the OIG, but McDonald was given leave to amend to add factual detail regarding reports of suspected misconduct to the OIG, and to include any misconduct complaints made to the Illinois State Comptroller apart from certain emails discussed at length in the Court's previous Order. [*Id.*]

On review of the FAC, the Court concludes that McDonald has stated a claim for a First Amendment retaliation violation as it relates to her complaints of suspected misconduct to the OIG, but not as to any complaints made to the Illinois State Comptroller. The allegations in the FAC regarding the OIG are nearly identical

to those contained in the original Complaint. But the Court concludes, as it did before, that when McDonald complained to the OIG, she spoke as a private citizen on a matter of public concern sufficient for a First Amendment retaliation claim.

The FAC does not, however, state a First Amendment retaliation claim as to McDonald's complaints to the Illinois State Comptroller. The Court previously dismissed this aspect of the case, concluding that McDonald did not speak as a private citizen when she emailed the Illinois State Comptroller's Office in October of 2020 concerning the Comptroller's audit. [Dkt. 21 at 12—14.] Because it was unclear whether McDonald had made *other* complaints to the Illinois State Comptroller apart from the correspondence concerning the audit, it granted her leave to amend. [*Id*. at 17.] Despite the opportunity to clarify, the FAC does not allege anything new in this regard. Because the only complaints made to the Illinois State Comptroller constitute speech that is unprotected as a matter of law, this portion of her claim fails.

In sum, Count I may proceed based only on McDonald's complaints of suspected misconduct to the OIG.

*Count II Age Discrimination*

Defendants seek to dismiss Count II, which brings a claim of age discrimination under Title VII, 42 U.S.C. § 2000 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, ("ADEA"). [Dkt. 25 at 21.] To make a *prima facie* showing, McDonald must allege (1) that she is protected under the ADEA, (2) she performed her job to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) one or more similarly situated individuals outside her protected class received better treatment. *Tyburski v. City of Chicago*, 964 F.3d 590, 598 (7th Cir. 2020).

McDonald has met the bare minimum pleading requirements to state an age discrimination claim. The FAC identifies statements allegedly made by Raymond that McDonald characterizes as "ageist remarks." They include Raymond's statement that "she has not had good working relationships with subordinates that are older than her," and that Raymond "transferred or terminated" an older female subordinate, ostensibly on account of her age. [Dkt. 25 at ¶¶ 27—28.] McDonald alleges that she "escalated her complaints of Raymond's ageist behavior to various supervisors," and later suffered an adverse employment action, ultimately in the form of a termination. [*Id*. ¶¶ 118—118, 152.] She alleges that "Defendant's reasons for the adverse action were pretextual and not based on Plaintiff's job performance or qualifications and relied on her age in so doing." She alleges that "[y]ounger employees who were similarly situated to Plaintiff, but under the age of 40, were not subjected to the same adverse actions." [*Id*. ¶¶ 150—151.] This is sufficient for the age discrimination claim to stand.

*Count III ADEA Retaliation*

In its prior Order, the Court dismissed McDonald's age retaliation claim, noting that because it was brought as a First Amendment claim under § 1983 against a municipality, McDonald was required to sufficiently plead a constitutional violation, including what or who caused the constitutional violation. [Dkt. 21 at 17—20.] In the FAC, McDonald now brings her age retaliation claim under the ADEA, Count III. To state a claim for retaliation under the ADEA, McDonald must allege facts that, at a minimum, show she engaged in protected activity and suffered an adverse employment action. *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016); *Barton v. Zimmer*, 662 F.3d 448, 455 (7th Cir. 2011).

As discussed above, McDonald has sufficiently alleged that she suffered an adverse employment action in the form of her termination. And the FAC has alleged basic facts that, accepted as true, establish that McDonald engaged in protected activity. [Dkt. 25 at ¶ 152 ("Plaintiff escalated her complaints of Raymond's ageist behavior to various supervisors at the Defendant Clerk's Office who did nothing whatsoever to address it."); ¶ 161 (McDonald engaged in protected conduct by "exercising her right to complain of payroll discrepancies to the Cook County OIG…"). This is sufficient for the ADEA retaliation claim to stand.

*Counts IV and V: State Law Claims*

Counts IV and V raise state law claims under the Illinois Human Rights Act, and the Illinois Whistleblower Act. Because the Court has concluded that the ADEA claims satisfy the pleading requirements of Rule 8, the IHRA claims survive dismissal, too.

Defendants seek dismissal of the Illinois Whistleblower Act claim in Count V. An employer "may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS § 174/15(b).

First, the Court agrees with Defendants that McDonald has improperly named Yarborough and Raymond as Defendants in this Count because IWA does not impose liability on individual employees. Under the IWA, an "employer" is

> an individual, sole proprietorship, partnership, firm, corporation, association, [or] any other entity that has one or more employees in this State, including a political subdivision of the State; [and] a unit of local government ... and any person acting within the scope of his or her authority express or implied on behalf of those entities in dealing with its employees.

740 ILCS 174/5. Although ostensibly extending liability to "any person acting within the scope of his or her authority," other courts have held that the IWA does not impose

3

liability on individual employees. See, *e.g., Patton v. Rhee*, 20-cv-00076, 2022 WL 865835, at *4–5 (N.D. Ill. Mar. 23, 2022); *Cunliffe v. Wright*, 51 F. Supp. 3d. 721, 740 (N.D. Ill. 2014); *Parker v. Ill. Human Rights Comm'n*, 12 C 8275, 2013 WL 5799125, at *9 (N.D. Ill. Oct. 25, 2013). As a matter of law, McDonald cannot state a claim against the individual defendants under the IWA, and this claim may only proceed against the employer Defendant.

Count V otherwise states a claim for relief. To bring an IWA retaliation claim, a plaintiff must allege that (1) she reported information to a government agency (2) about activity she reasonably believed to be unlawful and (3) she suffered an adverse action by the employer because of that disclosure. *Selyutin v. Aon PLC*, 18-c-3951, 2020 WL 5253871 (N.D. Ill. Sep. 3, 2020). The FAC satisfies these requirements: McDonald alleges that she complained about the "ongoing payroll problems" to the OIG and about Raymond's "unlawful harassment," and that her "termination was done in retaliation for her protected disclosures to the OIG." [Dkt. 25, at ¶¶ 174—176, 180.] This is all that is required at this stage.

\* \* \*

For the above reasons, the Motion to Dismiss is granted in part. Plaintiff's First Amendment Retaliation claim (Count I) is limited to her complaints of suspected misconduct to the OIG. Plaintiff's Illinois Whistleblower Act claim (Count V) may proceed against the employer Defendant Cook County, but is dismissed as to the Individual Defendants. The motion is otherwise denied.

Enter:    22-2143
Date:     September 11, 2023

Lindsay C. Jenkins
United States District Court Judge